UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| AARON DRUMWRIGHT, | ) | |
|---|---|---|
| Plaintiff, | ) | No. 1:17-cv-00069 |
| | ) | CHIEF JUDGE CRENSHAW |
| v. | ) | |
| MEDICAL DEPARTMENT MAURY COUNTY JAIL, *et al.*, | ) | |
| Defendants. | ) | |

## MEMORANDUM

Aaron Drumwright, an inmate of the Maury County Jail in Columbia, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against the Medical Department of the Maury County Jail, Chassie Harris, and Amy l/n/u, alleging violations of the Plaintiff's federal civil rights after the Defendants gave the Plaintiff incorrect medication while incarcerated. (Doc. No. 1). The Plaintiff seeks damages for his pain and suffering. (Id. at 6).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). Id. §

1

1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.     Section 1983 Standard

The Plaintiff brings his federal claims pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983,

a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

## III. Alleged Facts

According to the complaint, the Plaintiff arrived at the Maury County Jail on June 22, 2017. On June 24, 2017, the "Medical department" began giving the Plaintiff medication. After about two weeks, the Plaintiff asked for a list of the medications he had been given. Upon reviewing the list, he realized the Defendants had been giving the Plaintiff the wrong medications because they were confusing the Plaintiff with his father. According to the complaint, the wrong medication caused the Plaintiff to suffer "numerous medical problems." (Doc. No. 1 at 5). The complaint states that the Plaintiff "would like for the Jury to decide what [he] should be given for [his] pain and suffering and the many medical problems that has [sic] been added to [the Plaintiff] because of the negligence of this Medical Dept." (Id. at 6).

## IV. Analysis

The Eighth Amendment of the United States Constitution imposes an obligation to provide prisoners with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. Grubbs v. Bradley, 552 F. Supp. 1052, 1119-1124 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. Bellamy v. Bradley, 729 F.2d 416 (6th Cir. 1984). To establish a violation of his Eighth Amendment rights resulting from the medical care provided or a denial of medical care, a plaintiff must show that prison officials were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Brooks v. Celeste, 39 F.3d 125, 127 (6th Cir. 1994).

Here, the complaint alleges that the Defendants acted negligently (Doc. No 1 at 6) by giving the Plaintiff medication intended for the Plaintiff's father for a period of nearly three weeks. The complaint is devoid of allegations that any Defendant acted with deliberate indifference to a serious medical need of the Plaintiff. Complaints of malpractice or allegations of negligence are insufficient to entitle plaintiff to relief. <u>Estelle</u>, 429 U.S. at 105-06. Consequently, the Court finds that the complaint fails to state an Eighth Amendment claim based on the negligent administration of medications to the Plaintiff. These claims will be dismissed. 28 U.S.C. § 1915A.

**V.     Conclusion**

For the reasons discussed above, the Court finds that the complaint fails to state claims upon which relief can be granted. This action will be dismissed.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE